UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **SOEUN LEE** | Civil Action No. |
| Plaintiff, | |
| v. | |
| **JOHN DOE (fictitious name), GREYHOUND BUS LINES, INC.** | **NOTICE OF REMOVAL** |
| Defendants. | |

Pursuant to 28 U.S.C. § 1332(a) and 28 U.S.C. § 1441, defendant Greyhound Lines, Inc. ("Greyhound"), improperly pled as Greyhound Bus Lines, Inc., by and through its undersigned counsel, hereby removes to the United States District Court for the District of New Jersey the case captioned Soeun Lee v. John Doe (fictitious name), Greyhound Bus Lines, Inc., which is now pending in the Superior Court of New Jersey, Essex County, Docket No.: ESX-L-216-24, and as grounds for removal states as follows:

**I.   NATURE OF ACTION**

1. This action arises out of an alleged motor vehicle accident that occurred in Newark, New Jersey on June 9, 2023. See Complaint, attached hereto at Exhibit A.

2. Plaintiff Soeun Lee ("plaintiff") resides at 33 Parkview Avenue, Jersey City, New Jersey 07302. Id. at ¶ 1.

3. Greyhound is a Delaware corporation, and its principal place of business is in Texas.

**II.   PROCEDURAL HISTORY**

4. On January 9, 2024, plaintiff filed a Complaint against Greyhound. See Exh. A.

5. Greyhound was served with the Complaint on January 12, 2024.

6. Pursuant to 28 U.S.C. § 1446(b)(1), this Notice of Removal is being filed within thirty days of receipt of the Complaint by Greyhound.

## III. LEGAL ARGUMENT

### A. THE ADVERSE PARTIES ARE COMPLETELY DIVERSE

7. Pursuant to 28 U.S.C. § 1332, a matter may be removed to Federal Court based upon the complete diversity of citizenship between the parties. Complete diversity of citizenship between the parties exists when "every plaintiff [is] of diverse state citizenship from every defendant." In re Brisco, 488 F.3d 201, 215 (3d. Cir. 2016).

8. As stated in plaintiff's Complaint, plaintiff resides at 33 Parkview Avenue, Jersey City, New Jersey 07302, and is therefore a citizen of New Jersey.

9. A corporation is a citizen of its state of incorporation and the state where it has its principal place of business. 28 U.S.C. § 1332(c). Under the "nerve center" test adopted by the United States Supreme Court, a corporation's principal place of business is the headquarters of the corporation. Hertz Corp. v. Friend, 599 U.S. 77, 92-93 (2010).

10. Greyhound, the sole defendant in this matter, is a Delaware corporation and its principal place of business is in Texas. Greyhound's headquarters is located in Texas. Therefore, Greyhound is a citizen of Delaware and Texas.

11. Defendant John Doe is a fictitious entity. Pursuant to 28 U.S.C. § 1441(b)(1), the citizenship of fictitious defendants shall be disregarded for purposes of removal based on diversity jurisdiction.

12. Therefore, there is complete diversity of citizenship between plaintiff and Greyhound.

4858-2464-6558v.1

**B.     THE AMOUNT IN CONTROVERSY EXCEEDS $75,000**

13.     Under 28 U.S.C. § 1332(a), federal jurisdiction based on diversity of citizenship requires that the amount in controversy exceed $75,000, exclusive of interest and costs.

14.     The amount in controversy is generally measured by the pecuniary value of the rights being litigated. Hunt v. Washington Apple Advertising Commission, 432 U.S. 333, 347 (1977).

15.     Plaintiff, who was 24 years old at the time of the alleged accident, asserts in the Complaint that she sustained "serious permanent personal injuries, permanent disfigurement, lost wages, medical expenses, past, present and future pain and suffering and temporary disability and permanent physical disability, and property damage." See Exh. A at ¶ 4 of the First Count.

16.     Although Greyhound disputes plaintiff's allegations, the amount in controversy is in excess of $75,000, excluding interest and costs.

**WHEREFORE**, defendant Greyhound Lines, Inc. respectfully requests that the action described herein now pending in the Superior Court of New Jersey, Essex County, be removed to this Court.

                                        Respectfully submitted,

BY:     /s/ Fabiola Vieites
           Fabiola Vieites, Esq.
           LANDMAN CORSI BALLAINE & FORD P.C.
           One Gateway Center, 22nd Floor
           Newark, NJ 07102
           Attorneys for Defendant Greyhound Lines, Inc.

Dated: February 1, 2024

4858-2464-6558v.1

## **CERTIFICATION PURSUANT TO LOCAL RULE 11.2**

I hereby certify that the matter in controversy in this action is not now known to be the subject of any other action pending in any court or of any pending arbitration or administrative proceeding.

                                                BY:   */s/ Fabiola Vieites*
                                                              Fabiola Vieites, Esq.
                                                              LANDMAN CORSI BALLAINE & FORD P.C.
                                                              One Gateway Center, 22nd Floor
                                                              Newark, NJ 07102
                                                              Attorneys for Defendant Greyhound Lines, Inc.

Dated: February 1, 2024

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SOEUN LEE | x |
| | : Civil Action No. |
| Plaintiff, | : |
| | : |
| v. | : |
| | : |
| JOHN DOE (fictitious name), | : |
| GREYHOUND BUS LINES, INC. | : |
| | : |
| Defendants. | : |
| | x |

## DECLARATION

I, Fabiola Vieites, of full age, declare as follows:

1. I am an attorney with the firm of Landman Corsi Ballaine & Ford P.C., attorneys for defendant Greyhound Lines, Inc. in the above matter. On February 1, 2024, I served a copy of defendant Greyhound Lines, Inc.'s Notice of Removal with supporting documents via email upon the following:

Sung H. Jang, Esq.
SJ Law
333 Sylvan Avenue, Suite 106
Englewood Cliffs, New Jersey 07632

2. In addition, the assertions set forth in paragraphs 17 and 18 of Greyhound's Notice of Removal are based upon a review of the allegations in plaintiff's Complaint.

I hereby declare under penalty of perjury that the foregoing is true and correct.

BY: /s/ Fabiola Vieites
Fabiola Vieites, Esq.
LANDMAN CORSI BALLAINE & FORD P.C.
One Gateway Center, 22nd Floor
Newark, NJ 07102
Attorneys for Defendant Greyhound Lines, Inc.

Dated: February 1, 2024

4858-2464-6558v.1